STATE OF HAWAII *v.* CLARENCE NAM SING SHAK.

No. 4718.

NOVEMBER 6, 1968.

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON, JJ., AND CIRCUIT JUDGE
OKINO ASSIGNED BY REASON OF VACANCY.

OPINION OF THE COURT BY LEVINSON, J.

The protracted litigation in this case began when a Honolulu district magistrate found the defendant-appellant guilty of contempt of court on September 22, 1965, for failing to appear in court in response to a penal summons. The sentence imposed was ten days' confinement in jail.

The conviction was thereafter unsuccessfully appealed to the circuit court and to this court, and a writ of certiorari to the United States Supreme Court was subsequently denied. Among the errors specified in that appeal were: (a) no indictment was filed in the case; (b) the defendant was deprived of a jury trial; and (c) the district magistrate did not have jurisdiction.

The final judgment on appeal was entered on October 20, 1967, at which time the defendant filed a motion for reduction of sentence in the circuit court. The motion was denied "without

prejudice to his right to renew the same before the District Court" and the matter was remanded to the district court for execution of sentence. On October 28, 1967, the defendant moved for reduction of sentence in the district court. The motion was denied the same day.

Thereafter, on November 1, 1967, the defendant successfully moved the circuit court to grant a stay of execution pending an appeal. A hearing was held on November 7 after which an order was entered setting aside the stay of execution, with the matter again being remanded to the district court for execution of sentence. The ground for setting aside the stay of execution was that the whole matter of the contempt conviction, including the sentence, had been fully litigated and that "this avenue of appeal" had been "fully exhausted."

The defendant appeals from this order asserting in substance (a) that the circuit court erred in refusing to hear the defendant's appeal of the district court's ruling on his motion for reduction of sentence and (b) that the issue of whether the sentence was excessive should be heard on the merits.

On February 1, 1968, the State filed a motion in this court to dismiss and affirm. The motion was denied on February 19, 1968 in an order in which we held that the circuit court's "order setting aside the stay of execution . . . was in substance an affirmation of the district court's denial of defendant-appellant's motion for reduction of sentence." This ruling disposed of the alleged error denominated (a) above.

Today we affirm the latest decision of the circuit court that the motion for reduction of sentence not be heard on the merits, and we remand the case to the district court for execution of sentence.

The defendant bases his motion for reduction in sentence on Rule 35 of the Hawaii Rules of Criminal Procedure and upon his rights (1) to equal protection under the law guaranteed by article I, section 4 of the Constitution of Hawaii, and (2) to protection from the infliction of cruel or unusual punishment guaranteed by article I, section 9 of the Constitution of Hawaii.

Rule 35 of the Hawaii Rules of Criminal Procedure is inap-

plicable to proceedings before district magistrates because of the limitations placed on it by H.R.Cr.P., Rules 1 and 54 (*b*) (4) (*i*). Rule 1 provides that the "rules govern the procedure in the courts of the State in all criminal proceedings, with the exceptions stated in Rule 54." Rule 54 (*b*) (4) (*i*) provides that the "rules do not apply to proceedings before district magistrates except as they are *expressly made applicable by these rules.*" (emphasis added.) Rule 35, which permits a court to reduce a sentence "within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the Supreme Court of the United States denying an application for a writ of certiorari," is not expressly made applicable to the district magistrates.

The laws of Hawaii do specify, however, the proper procedure that a defendant must follow when he seeks a reduction of sentence in a criminal case pending before a district magistrate. The applicable statute is R.L.H. 1955, as amended, § 216-6:

> The district magistrate shall have power . . . in a criminal case, to alter, set aside or suspend a sentence by way of mitigation or otherwise upon motion or plea of a defendant made within thirty days after imposition of such sentence.

The motion for reduction was not timely made. The statute permits the motion to be made within thirty days after imposition of sentence. The motion in this case was made approximately two years after imposition of sentence. If the motion had been properly made and subsequently denied, the constitutional questions raised by the defendant in this appeal could easily have been raised in the first appeal. The appellant took no step to challenge the validity of the sentence by the procedure which was open to him, and there is no allegation that he was prevented from doing so. His two-year delinquency in raising those issues constituted a waiver of any rights he may have had. *Yakus* v. *United States*, 321 U.S. 414, 444 (1944).

If we were to hold otherwise, we would be encouraging and condoning a piecemeal approach to the appellate process. This we cannot do, especially in view of the admonition in H.R.Cr.P.,

Rule 2, which requires us to construe these rules "to secure simplicity in procedure, fairness in administration and elimination of unjustifiable expense and delay."

Affirmed and remanded to the district court for execution of sentence.

*Joseph A. Ryan* (*Ryan & Ryan* of counsel) for defendant-appellant.

*Dennis Ing*, Deputy Prosecuting Attorney, City & County of Honolulu, for plaintiff-appellee.